UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

DORA MAGEE,

                Plaintiff,

    - against -

HOME DEPOT, INC., et al.,

                Defendant.

- - - - - - - - - - - - - - - - - - - X

ORDER

CV 2004-5302 (ARR)(MDG)

    After considering the unopposed letter application of Debrar Morway, counsel for defendants, to compel, defendants' application is granted as follows:

    1. <u>Interrogatory No. 3</u>. Plaintiff must provide (a) a detailed basis for her calculation of damages for any monetary loss, including, but not limited to, the amount of lost wages, amount of lost benefits and the time period used for calculating such damages, (b) the amount claimed for damages resulting from physical injuries, including the costs of any treatment; and (c) the amount claimed for damages for mental distress, shock, fright, humiliation and other emotional and psychological injuries, including the costs of any treatment. If separate amounts for compensatory damages are being sought with respect to plaintiff's different claims, then plaintiff must specify the amounts sought as to each claim.

    2. <u>Interrogatory No. 4</u>. Plaintiff's general objection does not suffice. She must provide the documents or immediately provide a detailed privilege log and/or affidavit setting forth all necessary information to support the claim of privilege.

Defendants argue that plaintiff has waived her right to assert any objections to this interrogatory because she has failed to provide any information to support a claim of privilege. Where a party responding to a discovery request objects to disclosure on grounds of privilege, Rule 26(b)(5) of the Federal Rules of Civil Procedure requires that "the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Local Civil Rule 26.2 elaborates on this rule by setting forth the specific requirements for asserting a privilege in the discovery context.

District courts are split over whether to enforce strictly the requirement of Local Court Rule 26.2 as to submissions of privilege logs. See <u>RMED Int'l, Inc. v. Sloan's Supermarkets Inc.</u>, 2003 WL 41996 (S.D.N.Y. 2003) (discussing former Local Civil Rule 46). I agree with the reasoning of <u>RMED</u> that a flexible approach requiring a showing of prejudice before finding of waiver is preferable to a strict rule of waiver for failure to comply with the rules. See, e.g., <u>In re DG Acquisition Corp.</u>, 151 F.3d 75 (2d Cir. 1998) (upholding trial court's refusal to find that all untimely raised objections to be waived); <u>U.S. v. Stewart</u>, 287 F. Supp.2d 461, 470 (S.D.N.Y. 2003) (noting that Local Civil Rule 26.2 does not refer to waiver). While plaintiff's general objection is clearly unacceptable, this Court does not find at this stage of the litigation that defendants

have been prejudiced.  However, plaintiff is cautioned that she is expected to comply with all applicable discovery rules in the future.

3. <u>Document Request No. 32</u>.  Plaintiff must provide documents requested since, as correctly noted by defendants, no privilege attaches to documents concerning fee arrangements.  <u>See</u> <u>Vingelli v. United States</u>, 992 F.2d 449, 452 (2d Cir. 1993).

Plaintiff must supplement her discovery responses and, if applicable, provide a privilege log and/or affidavit regarding her assertion of privilege by June 28, 2005.

**SO ORDERED.**

Dated:   Brooklyn, New York
         June 22, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE